IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREGORY C. MASON,
    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,
    Defendant.

Civil Action No.
1:21-cv-04044-SDG

**OPINION AND ORDER**

This case is before the Court on Defendant's motion *in limine* to exclude opinion testimony of Plaintiff's Consulting Contractors [ECF 48]. After careful consideration, the Court **DENIES** Defendant's motion.

**I.    Background**

This dispute arises from Plaintiff Gregory Mason's claim that Defendant Allstate Insurance Company breached the terms of his homeowner's insurance policy (the Policy) by failing to fully compensate him for damage to his home caused by a tree that fell on April 18, 2020.[1] Plaintiff submitted a claim, and Allstate conducted an investigation to evaluate the damage.[2] Allstate made a payment to Plaintiff to cover the cost of the damage, but Plaintiff claims he is owed additional funds for damages to his home's foundation caused by the falling tree.

---

[1]    ECF 1, ¶ 6; ECF 1-1, ¶¶ 6–7; ECF 29-3, ¶ 1.

[2]    ECF 34, ¶ 3.

The Court denied Defendant's motion for summary judgment.[3] As part of its ruling, the Court determined that the testimony of Jason Houp, the owner of Advanced Property Restoration Services who will testify regarding the cost to repair the home's foundation, was not per se inadmissible and did not require expert disclosure. Defendant now moves to exclude the testimony of Jason Houp and Plaintiff's other "Consulting Contractors" through this motion *in limine*.

## II.    Legal Standard

"A motion *in limine* is 'any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Benjamin v. Experian Info. Sols., Inc.*, No. 1:20-CV-2466-RWS, 2022 WL 1697876, at *1 (N.D. Ga. Mar. 25, 2022) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). In fairness to the parties and their ability to put on their respective cases, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds. *Luce,* 469 U.S. at 41. The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *In re Seroquel Prod. Liab. Litig.*, No. 606MD-1769-ORL-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Denial of the

---

3    ECF 46.

motion means the court cannot determine whether the evidence in question should be excluded outside the trial context. *Id*. (internal citation omitted). It does not mean that all evidence contemplated by the motion necessarily will be admitted at trial. *Id*. At trial, the court may alter its ruling based on the proceedings or on its sound judicial discretion. *Id*.

### III. Discussion

While the Court invited Defendant to raise the issue of expert disclosure again at the motion *in limine* stage, it nonetheless finds that opinion testimony from Jason Houp and Plaintiff's other witnesses is not per se inadmissible. Thus, their testimony should not be excluded at this stage. Similar to its motion for summary judgment, Allstate argues that Plaintiff is seeking to introduce expert testimony from his Consulting Contractors without having identified them as experts. The Court disagrees at this stage.

Federal Rule of Evidence 701 permits lay witnesses to testify to an opinion when it is:

> (a) Rationally based on the witness's perception;
>
> (b) Helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) Not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

According to the committee notes to the rule, subsection (c) is not designed to prohibit lay witnesses from testifying about matters of "particularized knowledge

that the witness has by virtue of his or her position in the business." It is generally accepted that a witness may offer an opinion under Rule 701, "even if it is a technical one, based on the witness's personal knowledge and experience." *Strategic Decisions, LLC v. Martin Luther King, Jr. Ctr. for Nonviolent Soc. Change, Inc.*, No. 1:13-CV-2510-WSD, 2015 WL 4727143, at *9 (N.D. Ga. Aug. 10, 2015); *see also Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1222–23 (11th Cir. 2003).

Defendant has provided numerous out-of-district cases that stand for the proposition that cost estimates often require expert testimony, but the law in the Eleventh Circuit is not so clear. The Court need not reiterate its reading of the case law in this Circuit.[4] However, it will clarify the grounds on which it finds lay opinion testimony admissible.

A review of the binding case law highlights a couple of factors that distinguish expert and lay testimony in the relevant circumstances. First, personal involvement in the project about which the witness seeks to testify is critical. This was a key factor in *Tampa Bay*—all employees allowed to testify regarding the reasonableness of charges actually worked on the project in some capacity. Further, in *United States v. Myers,* 972 F.2d 1566, 1577 (11th Cir. 1992), the Eleventh

---

[4] ECF 46, at 10–15.

Circuit held that a police officer's testimony that a "reddish burn mark on a victim's back [was] consistent with marks that would [be] left by a stun gun" did not fall outside Rule 701 because it was premised on "rational perception" based in part on the witness's past experiences. The court rejected the defendant's argument that this testimony "went beyond the everyday common knowledge of a lay person," instead finding that the officer's testimony was "rationally based on his personal perception of [the victim's] back and his nineteen years of experience in the police force." *Id.*

The type of personal involvement in providing an estimate was also a distinguishing factor in *Armstead v. Allstate Prop. & Cas. Ins. Co.*, No. 1:14-CV-586-WSD, 2016 WL 928722, at *3 (N.D. Ga. Mar. 11, 2016). There, the two witnesses "were engaged specifically to challenge Allstate's damages estimate and the processing of Plaintiff's claim under the Policy." *Id*. They were insurance adjusters "retained…to advocate on Plaintiff's behalf in this insurance dispute. [The witness] performed his professional services for Plaintiff pursuant to a retainer agreement that Plaintiff entered into with United States Adjusters, the public adjuster company that employed [the witness]." *Id*. That is not the case here. Mr. Houp, for example, is not an adjuster and was not hired to challenge any previous estimates. He is a contractor who was engaged by Plaintiff to repair his home, part of which requires providing an estimate.

Second, testimony reflecting information gained through a course of employment, specifically, as the business owner, is admissible. In *Tampa Bay*, the defendant argued that "any testimony as to 'industry standards' and reasonableness are necessarily precluded due to Rule 701's 2000 amendment." *Id*. at 1217. In overruling the objection, the court noted that "most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business without the necessity of qualifying the witness as an accountant, appraiser or similar expert." *Id*. at 1218. Additionally, the court noted that Rule 701 allowed the testimony "because of the particularized knowledge that the witness has by virtue of his or her position in the business." *Id*. Even more specifically, the court noted that the business owner was allowed to testify as to the reasonableness of charges because it was the business he engages in every day—"he makes estimates, sets prices." *Id*. His ability to testify regarding the reasonableness of prices was admissible because his knowledge of estimates and prices was gained through the course of his employment and based on his particularized knowledge.[5] The Circuit likened the testimony to other similar

---

[5]  The Court does not interpret this holding as dependent on the fact that work had already been completed. In fact, one business owner was allowed to testify to estimates provided:

> Q. What was the estimated cost of that work?
> A. $30,000.

cases in this district and ultimately concluded that "Tampa Bay's witnesses testified based upon their particularized knowledge garnered from years of experience within the field." *Id. See also Plumbers & Pipefitters Union No. 421 Health & Welfare Fund v. Brian Trematore Plumbing & Heating, Inc.*, No. 5:11-CV-221 HL, 2013 WL 2333208, at *5 (M.D. Ga. May 28, 2013) (finding admissible business owner testimony regarding work typically done on a construction project as well as work done on the particular project.).

The Court recognizes the fine line here. It also acknowledges the murky and unsettled nature of case law addressing this issue in this Circuit. Nonetheless, at this pretrial stage, there is an insufficient basis to categorically exclude Plaintiff's witnesses.

### IV. Conclusion

The Court **DENIES** Allstate's motion *in limine* [ECF 48].

**SO ORDERED** this 15th day of November, 2023.

_____
Steven D. Grimberg
United States District Court Judge

---

> Q. Was that just an estimate or was that an actual quotation from PG&H for this work?
>
> A. Well, it was an estimate, because whenever you get into straightening, I will never give a hard dollar estimate for straightening anything.

*Id.* at 1219.